## THE STATE v. WILL HAMILTON, Appellant.

**Division Two, November 24, 1908.**

**LARCENY: No Bill of Exceptions: Appellate Practice.** Where no bill of exceptions duly signed and authenticated by the judge of the trial court was filed, there is nothing before the appellate court except the record proper; and if the information properly charges the defendant with the offense (grand larceny) of which he was convicted, and the jury was impaneled in accordance with the provisions of the statute, and the verdict returned by them is in proper form, and the judgment and sentence fully meet the requirements of the law, the judgment will be affirmed.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

AFFIRMED.

*Herbert S. Hadley*, Attorney-General, and *Frank Blake*, Assistant Attorney-General, for the State.

(1) The information is sufficient. R. S. 1899, sec. 1898; Kelley's Criminal Law, sec. 642, p. 428. (2) The purported bill of exceptions is not signed by the trial judge, and there is nothing before the court but the record proper. State v. Collins, 196 Mo. 87; State v. Briscoe, 135 Mo. 660. (3) The record proper does not show that the bill of exceptions was filed, and the bill cannot be considered. State v. Wilson, 44 Mo. App. 136; School District v. Boyle, 113 Mo. App. 340; Bower v. Daniel, 198 Mo. 289; State v. Walker, 194 Mo. 367.

FOX, P. J.—This cause is now pending in this court upon appeal upon the part of the defendant from a judgment of conviction of grand larceny.

On April 30, 1907, the prosecuting attorney of Pettis county filed an information against defendant charging him with grand larceny. The defendant was

duly arraigned and entered his plea of not guilty, and on January 14, 1908, he was put upon his trial before a jury, and they returned a verdict of guilty, and assessed his punishment at two years in the penitentiary. Timely motions for new trial and in arrest of judgment were filed and by the court overruled.

An examination of the record discloses that there was no bill of exceptions duly signed and authenticated by the trial judge filed in this cause, hence the action of the court during the progress of the trial has not been preserved for review by this court, and the cause is now before us simply upon the record proper. Directing our attention to this record we find the information properly charged the defendant with the offense of which he was convicted. The jury was impaneled in accordance with the provisions of the statute, and the verdict as returned by them is in proper form, and the judgment and sentence as disclosed by the record fully meets the requirements of the law; hence there is nothing for us to do except to announce the affirmance of the judgment. It is therefore ordered that the judgment of the trial court in this cause be and is hereby affirmed.

All concur.